UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JABULANI GARIKAYI,

               Petitioner,

v.

                                       No.  1:26-CV-00132-H

WARDEN, BLUEBONNET
DETENTION CENTER, *et al.*,

               Respondents.

## ORDER

Petitioner Jabulani Garikayi, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge his detention in the Bluebonnet Detention Center pending his removal. Dkt. No. 1. Specifically, Petitioner raises the following grounds for relief:

    (1)     ICE is denying him access to medical care and treatment for HIV,

    (2)     he has been detained longer than the allowable period with no likelihood of removal in the near future, and

    (3)     he was denied due process because ICE did not respond to his motions to stay removal or provide him with an individualized review of his custody.

As explained below, the Court finds that Petitioner's first claim is not cognizable in a petition for writ of habeas corpus, but the Court will give Petitioner the opportunity to pursue it separately in a civil-rights action. Petitioner's other claims will remain in this habeas action, and the Court will enter a separate order requiring an answer from the respondent and setting a briefing schedule on those claims.

## 1.    Habeas Corpus and Civil-Rights Claims

Courts must consider the essence of a pro se prisoner's claims rather than the label attached. *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). "Challenges to the

validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil-rights] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted). When a habeas petition includes claims that should be asserted in a civil-rights action and the claims can be separated, federal courts should entertain the civil-rights claims in a separate civil action. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Subject matter jurisdiction in a habeas case is limited to challenges affecting the fact or duration of confinement. *See Henrikson v. Guzik*, 249 F.3d 395, 397 n.4 (5th Cir. 2001). The distinction between habeas and civil-rights actions "is blurry, however, when . . . a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). So, the Fifth Circuit has "adopted a simple, bright-line rule for resolving such questions[:] If a favorable determination would not automatically entitle the prisoner to accelerated release" from imprisonment, the prisoner's claims are not cognizable under Section 2254. *Id.* at 820–21 (internal quotation marks omitted) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

Unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson*, 112 F.3d at 820–21). Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979). Rather, the proper remedy for unconstitutional conditions of confinement should be equitable—to correct the unlawful practices that make the conditions intolerable. *See id.*

Thus, "allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) (citing *Spina v. Aaron*, 821 F.2d 1126, 1127–28 (5th Cir. 1987)).

**2.    Discussion and Analysis**

In his first ground for relief, Petitioner challenges the conditions of his confinement rather than the fact or duration of his confinement.  Additionally, Petitioner's allegation that he has been denied adequate medical treatment, if true, would not automatically entitle him to accelerated release.  His conditions of confinement—even if they are proven to be dangerous and unconstitutional—do not nullify an otherwise lawful confinement.  Rather, Petitioner's medical-denial claim is more properly considered in a civil-rights action.  And, if proven, this claim would naturally lead to an injunctive remedy to correct the unlawful practice, not to Petitioner's release.  Thus, the Court lacks subject-matter jurisdiction to consider the conditions claim in a habeas context.

The Court finds, then, that Petitioner's first ground should be separated from this habeas action and entertained in a separate civil-rights action.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**3.    Conclusion and Instructions**

As discussed above, the Court concludes that Petitioner's first ground for relief is not cognizable in this habeas action.  This claim should be considered, if at all, in the context of a civil-rights complaint.  Thus, the Court separates Petitioner's medical-denial claim from this habeas petition and directs the Clerk to open a new civil-rights complaint with

Petitioner's attachment titled "Deposition . . . in Support", Dkt. No. 1-1, as the originating document.

If Petitioner wishes to pursue his medical-denial claim, he must file a complete amended complaint on the form used by the Court for prisoner civil-rights complaints in the new civil action. If Petitioner does not wish to pursue this claim, he may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41.

Additionally, to proceed with his civil-rights claim, Petitioner must pay the filing fee of $405.00 or file an application to proceed in forma pauperis within 30 days of the date of this order. **Failure to file the required documents will result in the denial of *in forma pauperis* status and the dismissal of Petitioner's civil-rights complaint for want of prosecution without further notice, unless the filing fee of $405.00 is timely paid.**

If Petitioner does not wish to pursue this claim, he may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41.

The Court also orders:

(1)    Service of process shall be withheld pending judicial screening under 28 U.S.C. § 1915(e)(2).

(2)    No amendments or supplements to the complaint shall be filed without prior Court approval. A complete amended complaint shall be attached to any motion to amend.

(3)    All discovery in this case is stayed until an answer is filed or until further order.

(4)    No motions for appointment of counsel shall be filed until the Court has completed its screening under 28 U.S.C. § 1915(e)(2), which may include a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), or other proceedings deemed appropriate by the Court.

(5)     Petitioner shall promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk.  Failure to file such notice may result in this case being dismissed for want of prosecution.

So ordered.

Dated March 31, 2026.

_____

JAMES WESLEY HENDRIX
United States District Judge

5